No. 3833

Second Circuit

MOSELY v. LEVY ET AL.

(November 18, 1931. Opinion and Decree.)

Craig, Bolin & Magee, of Shreveport, attorneys for plaintiff, appellee.

John F. Slattery, of Shreveport, attorney for Allen Manufacturing Company, Limited, defendant, appellant.

DREW, J. Plaintiff alleged that he was the owner of the following described real estate situated in Caddo parish, La., to-wit:

"Beginning at the Southeast corner of the land in Section 3, township 16, Range 13, sold by K. W. Railsback to O. P. Gahagan about April, recorded in Book ———, page ———, on the Public Gravel Road for a starting point and running West 27.58 chains to the Section line between Sections 3 and 4, Township 16, Range 13, thence South 15 chains to a stake on said Section line; thence East to said Gravel Road (now paved); thence in a Northerly direction along said Gravel Road to the place of beginning, containing 43.24 acres, and lying in the Northwest Quarter of said Section 3, Township 16, Range 13. Also the South half of Lot 1 of Section 4, Township 16, Range 13, containing 20 acres as per map recorded in Book 'S', p. 884, and as per map hereto annexed. Also South Half of Lot 2 of said Section 4, containing 20 acres, as per said map just mentioned. Also that portion of South Half of Lot 3 of said Section 4, lying North of the Reisor Branch of the Texas & Pacific Railroad, and the NW¼ of said Lot 3, less a strip 35 links wide off the East side, which was included in the sale of O. P. Gahagan, containing 24.29 acres, as per map above mentioned. Also that part of Lot 4, Section 4, lying North and East of Sand Bayou and containing 8.82 acres, as per said two maps above mentioned. Also that part of Lot 6 of said Section 4, lying North of the Reisor Branch of the Texas & Pacific Railroad, containing .27 acres, per said maps above mentioned. Also that part of Lot 7 of said Section 4, lying North of the said Reisor Branch of the Texas & Pacific Railroad, containing 15.20 acres, as per said maps above mentioned.

"Also the North Half of Lot 8 of said section 4, containing 20 acres, as per said maps above mentioned, and containing in all, in both Sections 4 and 3, 151.82 acres, all in Township 16 North, Range 13 West, in Caddo Parish, Louisiana, with all of the buildings and improvements thereon and therein belonging. Also a lot described as beginning at a point 1980 feet North of the Southeast corner of Lot 9, Section 4, Township 16 North, Range 13 West, as per map of the Daniels lands, thence North 330 feet to corner of the land sold by K. W. Railsback to T. D. Connell, thence East along said Connell land line to the West side of the Gravel Road to a point due East of the point of beginning; thence West to the place of beginning, containing 14.50 acres, more or less, all in Caddo Parish, Louisiana, together with all buildings and improvements thereon, containing in all 166.-32 acres, more or less, with the buildings and improvements thereon";

as shown by deed recorded on July 7, 1928, in the conveyance records of Caddo parish, La.

That there appears in the mortgage records of Caddo parish, La., in Book 160, p. 1, a certain purported lien in favor of the Allen Manufacturing Company, Limited, which acts as a cloud on petitioner's title. That said lien is null and void and of no effect against his property and should be canceled and erased from the mortgage records for the reason that said lien was recorded on August 11, 1927, and more than a year has elapsed since it was filed for record, and, if it ever had any effect against his property, has prescribed or perempted by the lapse of one year since its filing. He specially pleads prescription of one year, or peremption, and attached said lien for the sole purpose of showing rem ipsem.

Plaintiff also alleged demand upon the Allen Manufacturing Company, Limited, and W. M. Levy, clerk of court for Caddo parish, La., to cancel and erase said purported lien. He prayed for a rule to issue to the Allen Manufacturing Company, Limited, and W. M. Levy, clerk, to show cause why the said lien should not be canceled. Later he filed an amended petition alleging that James J. O'Toole and Mrs. Frances S. O'Toole had not entered into a general contract for the work of construction, improvement or repair, erection or reconstruction on the real estate described in plaintiff's petition, and no written contract was

or has been recorded in the office of the recorder of mortgages of Caddo parish, La.

Defendant Allen Manufacturing Company, Limited, in answer alleged that the lien is a valid, existing lien on the property described in plaintiff's petition. That said lien was duly filed in the mortgage records of Caddo parish on August 11, 1927, and on March 17, 1928, a suit was filed against the then owner of said property, and a judgment for the amount sued for obtained recognizing its lien and privilege. That said suit was duly recorded in the mortgage records of Caddo parish, La., on June 2, 1928, within a year of the filing of said lien. It denied the need of the reinscription of said lien under the circumstances, and alleged that the recording of said judgment had the same legal effect as the reinscription. It denied that the lien has prescribed or perempted.

The trial in the lower court resulted in judgment for plaintiff, making the rule absolute and ordering the cancellation of said lien. From this judgment Allen Manufacturing Company, Limited, has appealed.

It appears that the property on which lien was alleged at one time belonged to Mrs. Frances S. O'Toole, and some buildings were erected thereon; and that Allen Manufacturing Company, Limited, furnished the materials for said buildings and placed of record a lien against said property. The lien was recorded on August 11, 1927. On March 17, 1928, Allen Manufacturing Company, Limited, filed suit against Mrs. Frances S. O'Toole and James J. O'Toole for the amount of said indebtedness, as shown by the lien, to-wit, $689, alleged the indebtedness to be due for materials furnished by petitioner to Mrs. Frances S. O'Toole and used in the erection of improvements on her separate property, pur-

chased January 3, 1927; describing the property (which is the same description as the property on which plaintiff in his suit alleges). It further alleged that James J. O'Toole likewise bound himself for the payment of the indebtedness by note of date August 15, 1927, and that it had a privilege on said lands, as its lien was seasonably recorded in the mortgage records of Caddo parish, La. Prayed for judgment against both defendants in solido and that its lien, as furnisher of materials, be recognized and enforced on said property.

Defendants, Mr. and Mrs. O'Toole, confessed judgment, and judgment was rendered as follows:

"In this matter the law and evidence being in favor thereof and by further reason of the confession of the defendants herein, it is ordered, adjudged and decreed that the plaintiff, Allen Manufacturing Company, Ltd., have and recover judgment against the defendants, James J. O'Toole and Mrs. Frances S. O'Toole in solido, in the sum of Six Hundred & Eighty-nine ($689.00) Dollars, with eight per cent per annum interest thereon from August 15, 1927, until paid and all costs of this suit, including ten per cent on said principal and interest as attorneys' fees. It is further ordered, adjudged and decreed that plaintiff's lien and privilege as furnisher of materials be recognized and enforced on that certain property purchased by the said Mrs. Frances S. O'Toole from F. F. Webb, in Caddo Parish, Louisiana, and fully described in said deed as recorded in Conveyance Book 244, p. 707, of the Recorder's Office of Caddo Parish, Louisiana, dated January 3, 1927, and filed for record on May 9, 1927.

"Thus done, read and signed in open Court on this the 17th day of March, A. D., 1928.

"T. F. Bell, District Judge."

It is to be noted that the judgment does not describe the land or refer to the volume and page on which said lien was recorded in the mortgage records of Caddo

parish, and at no place in the record is it shown that Mrs. O'Toole was the owner of the land described. The judgment was filed and recorded on June 8, 1928, and on July 30, 1928, said judgment on part of the described land was canceled, and on August 15, 1928, was canceled on the remainder of said land. On July 6, 1928, plaintiff herein acquired the above-described property from C. H. Brandon, and on October 5, 1929, the present suit was filed.

The lien was filed and recorded more than two years prior to the filing of this suit and was never reinscribed. Therefore, under section 12 of Act No. 298 of 1926, the lien had perempted and was of no effect, unless the judgment in the suit of Allen Manufacturing Company, Limited, v. Mrs. Frances S. O'Toole and James J. O'Toole, recorded June 8, 1928, had the effect of keeping the lien and privilege granted by said lien alive. We think not. Lalane v. Payne et al., 42 La. Ann. 152, 7 So. 481; De St. Romes v. Blanc, 31 La. Ann. 48; Watson v. Bondurant, 30 La. Ann. 1.

And in this case the judgment does not attempt to describe the lien recorded in Volume 160, p. 1, of the mortgage records of Caddo parish, and does not even refer to the volume in which it was recorded, which alone would not have been sufficient. Furthermore, the very judgment claimed by defendant to have prevented the peremption of the lien and privilege at the expiration of one year was canceled more than one year before the filing of this suit. The only effect, if any, that the suit against Mr. and Mrs. O'Toole by the defendant herein could have had, would have been to interrupt or suspend the period of peremption during the time of the pendency of said suit, which was from March 17, 1928, to June 7, 1928, less than three months, and it was more than one year

after the suit was terminated when the present suit was filed; and plaintiff had been owner of the property for one year and three months before filing suit.

It is unnecessary in this case to discuss the right of the lienor to reinscribe his lien.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with all costs.